IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONACIANO OLIVO and
CLARENCE PACHECO,

           Plaintiffs,

vs.                                                                                CIVIL NO.  10-782 BB/LFG

CRAWFORD CHEVROLET, INC.,
and CARL ROMERO,

           Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY**

THIS MATTER is before the Court on Plaintiffs' First Motion to Compel Discovery [Doc. 55]. The Court considered the motion, Crawford Chevrolet, Inc. and Carl Romero's response [Doc. 58], Plaintiffs' reply [Doc. 59], and all exhibits. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

**Background**

Plaintiffs assert employment discrimination, contending they were unlawfully singled out and that work was withheld from them because of their national origin and ethnicity. Additionally, Plaintiff Pacheco contends he was retaliated against for complaining about Defendant Crawford Chevrolet, Inc.'s ("Crawford") wage practices. Plaintiff Olivo alleges Crawford violated the New Mexico Minimum Wage Act ("NMMWA") by failing to pay him for the time he spent waiting between assignments.

Plaintiffs' discrimination claims do not arise under Title VII of the Civil Rights Act, but, rather, Plaintiff Olivo asserts that Defendants' conduct violated provisions of the State's Human Rights Act, as well as Section 1981 of the Civil Rights Act of 1866.

**Present Motion**

Significant discovery has already occurred. According to Defendants, they have produced hundreds, if not thousands, of documents in response to Plaintiffs' First Requests for Production. The documents produced include pay records, flag sheets, work orders, and paychecks for Olivo and Pacheco, as well as the records of all other body men and painters who worked in Crawford's body shop between April 2007 and Plaintiffs' departure in 2010. [Doc. 58, p. 2.]

Plaintiffs argue that while Defendants produced three years of records (2007-2010), Plaintiffs sought records for each Plaintiff's entire tenure of employment at Crawford, and records dating to 2005 for all other employees. [Doc. 55, p. 2.] According to Plaintiffs, the documents provided encompassed pay records pertinent to Plaintiff Pacheco's case, but omitted records needed to prove Plaintiff Olivo's case, *i.e.,* from January 1, 2003 through April 8, 2007. [Id.] When the parties failed to reach an informal agreement resolving the requested production, Plaintiffs filed a renewed request for production seeking "pay records for Plaintiff Olivo for the period January 1, 2003 through April 8, 2007;" "pay records for Crawford employee Mike Leyba for the period January 1, 2003 through April 8, 2007;" and "pay records for Crawford employee Bobby Garcia for the period January 1, 2003 through April 8, 2007."

Defendants objected to the expanded request, contending that the requested information overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The parties again corresponded in an attempt to resolve this dispute but could not reach agreement. [Doc. 55, p. 4.] Plaintiffs then sent another (Fourth) Request for Production, seeking "pay records for any painter other than Plaintiff Olivo, Bobby Garcia and Mike Leyba, employed by Defendant Crawford Chevrolet, Inc. in the body shop for a period January 1, 2003 through April 8, 2007."

Defendants noted that the only painters employed by Crawford during that time frame were Plaintiff Olivo, along with Garcia and Leyba. [Doc. 58, p. 3.] Further, Defendants maintained their objections to Plaintiffs' expansive Third Request for Production. Plaintiffs continued to argue that the requested records from 2003-2007 are relevant to the claims brought under the NMMWA and § 1981.

### New Mexico Minimum Wage Act Discovery

Defendants contend that the NMMWA expressly excludes "employees compensated upon piece work, flat rate schedules or commission basis." NMSA 1978 § 50-4-21(C)(5) (2008). Plaintiff Olivo, who asserts the NMMWA claim, was compensated on a piecework or flat rate schedule. [Doc. 58, Ex. A (Olivo Dep.), at 43:11-18; 46:2-18; 49:13-50:6; 50:23-51:3.] Therefore, according to Defendants, Plaintiff Olivo is specifically excluded under the NMMWA and cannot state a cause of action under the Act. Thus, the requested pay records are irrelevant to a claim that does not exist as a matter of law.

Moreover, assuming Plaintiff Olivo could state a claim under the NMMWA, Defendants note the three-year statute of limitation applicable to the claim. NMSA 1978 § 37-1-5 (2009). Defendants state they already produced all the pay records applicable to the three-year period, and should, therefore, not have to produce anything further.

Plaintiffs respond by arguing that the exemption relied on by Defendants, § 50-4-21(C)(5), cannot apply here without an employer entering into an explicit agreement with its employees that the hourly rate paid to such employees for flat-rate hours is sufficient to compensate them for unpaid wait time or non-productive hours (*relying on* 29 C.F.R. § 778.318). Plaintiffs state that Defendants previously admitted they did not enter any such agreement with Plaintiffs. Thus, Plaintiffs contend the NMMWA provision does not exempt them.

This argument is more pertinent to the merits of the claim than to questions of discovery at this stage of the pleadings. Even if the exemption is not applicable, a conclusion not reached by the Court, the question still remains whether Plaintiffs can obtain seven years' worth of records rather than the records for the three years already produced. For the reasons discussed *infra*, particularly in terms of proportionality, the Court rejects Plaintiffs' claim for the more expanded discovery.

Plaintiffs also assert that the three-year statute of limitations does not bar their request based on a continuing violation theory. Plaintiffs argue that because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," *see* NMSA 1978 § 50-4-32, their request for documentation as to alleged pay violations by Plaintiff Olivo can go well beyond the three-year statute of limitations.

Crawford correctly notes that nowhere in the Complaint did Plaintiffs plead a continuing violation. Prior to the 2000 amendment of Fed. R. Civ. P. 26(b)(1), parties could discover any non-privileged issue relevant to the "subject matter" of the lawsuit. The scope of discovery was broad. However, consistent with the limitations on discovery imposed in 1993, Rule 26(b)(1) was amended in 2000 to delete the phrase "subject matter." Revised Rule 26(b)(1) permits parties to discover any nonprivileged matter that is "relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). Thus, the scope of discovery now is more limited.

Stated differently, parties are no longer able to engage in discovery to determine if there are other potential causes of action or claims. The scope of discovery is limited to those matters pled in the complaint. The Advisory Committee Commentaries note:

> The rule change signals to the court that it has authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to

4

>develop new claims or defenses that are not already identified in the pleadings.

Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000 Amendments).

The Court, and indeed the advisory committee notes, recognize that there is no bright line rule. In other words, the dividing line between information relevant to claims and defenses and that which is relevant to the subject matter cannot be defined with precision. Thus, the Court must rely on a second concept to determine whether the discovery should or should not be permitted.

In determining what information must be produced, the Court finds persuasive the discussion of "proportionality" by the Sedona Conference Working Group <u>Abstract on Guidance for the Judiciary</u>. That report highlights the key consideration in determining the appropriate balance to strike between one party's request for information and the opposing party's objection to production.

>There is nearly universal agreement that the cost of litigation in state and federal courts has become so expensive that litigants are being priced out of the process, and that the chief culprit is the failure of courts and lawyers to control the costs of discovery. American College of Trial Lawyers and Institute for the Advancement of the American Legal System, <u>Final Report on the Joint Project of the American College of Trial Lawyers Task Force on Discovery and the Institute for Advancement of the American Legal System</u>, p. 2 (March 11, 2009).
>
>The problem is not new, but is decades-old. <u>Mansilla v. Mayflower Textile Services</u>, 253 F.R.D. 354, 360 (D. Md. 2008) (noting that legislative history of the Civil Justice Reform Act of 1990 included reports of studies done in 1980 which found that discovery abuse was widespread).
>
>The irony is that the solution to this problem is, and has been for years, right at our fingertips, and is found in the cost-benefit proportionality factors of Fed. R. Civ. P. §§ 26(b)(2)(C) and 26(g)(1)(B)(iii).

Rule 26(b)(2)(C) provides that on motion or on its own, the court shall limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines:

>(i) The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>(ii) the party seeking discovery has had ample opportunity to obtain information by discovery in the action; or
>
>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the action, and the importance of the discovery in resolving these issues.

The intent of the Rule is simple. The court must balance one party's right to obtain discovery with the burdens imposed on the other party, and in striking this balance, must look at a number of factors. For example, the court must consider the requester's need for the information, the relevance of the requested information to the litigation, the burden of producing the sought-after material, and the harm or difficulty which would be caused to a party seeking to protect the information. A court may deny the request altogether, limit the conditions, time, place or topics of discovery, or limit the manner in which the material will be disclosed. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000); *see also* Burka v. U.S. Dep't of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

In this case, the Court determines that providing the additional years of discovery on a continuing violation theory is inappropriate because a continuing violation theory was not pled, and discovery into that area could be used as a means to expand the current scope of the lawsuit. Moreover, to the extent that other bad acts, wrongs or conduct of the employer are relevant as "background information," the Court strikes a balance between the burden imposed on the employer to provide that information with the limited relevance of the information to the case as a whole. In striking the "proportionality balance," the Court determines that Defendants' objections are well-

taken and therefore, will not require production of the seven years of records, determining that the three years provided is sufficient and an appropriate balance.

In Plaintiffs' Fourth Request For Production, they seek pay records for any painter other than Olivo, Garcia and Leyba for the time period of January 1, 2003 through April 1, 2007. Defendants represent, however, that the only painters employed by Crawford during that time period were Olivo, Garcia and Leyba, and those records have already been produced. Therefore, the Court sustains Defendants' objections and will not require further production.

## Section 1981 Discrimination Discovery

In Plaintiffs' Third Request for Production, they request pay records from January 2003 through April 2007, contending that these records are relevant to establish Plaintiff Olivo's § 1981 claim. [Motion to Compel, ¶ 16.] This claim is based on Olivo's assertion that Defendant violated § 1981 by giving him less work than his counterparts who were not of Mexican origin.[1]

One of the flaws in Plaintiff Olivo's argument that this information should be provided is that his deposition testimony indicates that Crawford assigned more work to Leyba than to him. He makes no reference to more work being given to Bobby Garcia, and, accordingly, it does not appear that Bobby Garcia's records are in any way relevant to Plaintiff Olivo's § 1981 claim that less work was assigned to him because of his national origin. That leaves Plaintiff Olivo's request that Mike Leyba's records be provided.

Defendants argue that there is a four-year statute of limitation for § 1981 claims. Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 382-83 (2004) (a four-year federal statute of limitations

---

[1] The counterparts to whom Olivo appears to refer are co-employees Garcia and Leyba, both Hispanic, but, apparently, not Mexican.

applies to causes of action brought under Section 1981). Defendants already produced all records applicable to Leyba that would come within the four-year statute of limitations.

Plaintiff Olivo also contends he is not limited to obtaining information within the statute of limitations, but is entitled to discover Crawford's practices for "background information." While the Court agrees that background information is discoverable, the request falls within the same proportionality discussion provided above concerning the minimum wage claim. Even the broad or liberal discovery approach previously authorized in federal court is not without limits, and a trial court is given wide discretion in balancing the needs and rights of both parties. Gomez v. Martin Marietta, 50 F.3d 1511, 1520 (10th Cir. 1995) (while discovery in discrimination cases should not be narrowly circumscribed, the desire to afford "broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant."). *See* Murphy v. Deloitte and Touche Group Ins. Plan, 619 F.3d 1151, 1163 (10th Cir. 2010) (Rule 26(b) does not permit unlimited discovery).

Courts' decisions in placing time limitations on discovery requests for a reasonable number of years both prior to and following claims of discrimination have frequently been upheld. For example, in James v. Newspaper Agency Corp., 591 F. 2d 579, 582 (10th Cir. 1979), the court imposed a limitation of four years of record production prior to the liability period. In E.E.O.C. v. Kansas City Southern Ry., 195 F.R.D. 678, 679-680 (D. Kan. 2000), the court allowed discovery for only three years prior to the claimed liability period and one year after. In Lyoch v. Anheuser-Busch Co., 164 F.R.D. 62, 67 (E.D. Mo. 1995), the court imposed a limit on the discovery period of four years prior to the liability period. Thus, the period of time for which Defendants provided employment records falls well within the boundaries noted by these prior cases.

Utilizing the proportionality test discussed above, the Court determines that Defendants provided records for a sufficient number of years given the considerations under Rule 26. Therefore no further production is required.

## **Conclusion**

For all of the reasons stated above, the Court denies Plaintiffs' motion to compel.

SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge