IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONACIANO OLIVO and
CLARENCE PACHECO,

    Plaintiffs,

 vs.             CIVIL NO.  10-782 BB/LFG

CRAWFORD CHEVROLET, INC.,
and CARL ROMERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

 THIS MATTER is before the Court on Plaintiffs' opposed Motion for Additional Discovery Relating to Punitive Damages [Doc. 67].  The Court considered the motion, response [Doc. 77], and reply [Doc. 78], and determines that oral argument is not necessary.  Because the motion is untimely and Plaintiffs fail to show diligence in discovery, the motion is DENIED.

### Background

 In July 2010, Plaintiffs filed suit against Defendants alleging violations of the New Mexico Minimum Wage Act, the Federal Fair Labor Standards Act, and the New Mexico Human Rights Act.  In their Complaint, Plaintiffs sought, *inter alia*, an award of punitive damages.  Defendants' answer disputed Plaintiffs' allegations, and, thus, all issues, including Plaintiffs' request for punitive damages were joined.

 In November 2010, Plaintiffs filed an Amended Complaint raising, for the first time, a new claim pursuant to 42 U.S.C. § 1981, and, again, seeking an award of punitive damages.  Thus, from at least the time Plaintiffs filed their initial Complaint in July 2010, and certainly at the time they

filed their Amended Complaint, they knew that the issues were joined on their request for punitive damages. It was Plaintiffs' burden to investigate, discover and prepare to meet the proofs at trial on all disputed issues, including their punitive damages request.

On October 20, 2010, the Court conducted a Fed. R. Civ. P. 16 scheduling conference, and after considering the parties' Joint Status Report and discovery needs, adopted a case management plan intended to close discovery on March 21, 2011. Thus, the parties were afforded a liberal five months within which to complete discovery.

No party requested phased discovery and the Court did not stagger discovery in this case. Therefore, all claims and defenses raised in the pleadings were ripe for discovery. It was incumbent on the parties to undertake and complete discovery on all contested issues within the case management deadlines imposed by the Court's Scheduling Order.

The Court's Scheduling Order was issued on October 20, 2010 [Doc. 14]. The following month, on November 8, 2010, Plaintiffs moved for an extension of time to file a response [Doc. 20], and the Court granted Plaintiffs' request [Doc. 22]. Again, on November 17, 2010, Plaintiffs sought an extension of time within which to file a motion to compel discovery [Doc. 24], and the Court granted that request as well [Doc. 25]. Again, in January 2011, Plaintiffs moved to extend the time for disclosure of expert witnesses and additional time to take the deposition of a defense expert [Doc. 36], and the Court granted that request on January 19, 2011 [Doc. 38].

On February 2, 2011, the Court conducted a status conference [*see* Clerk's Minutes, Doc. 40]. At the time of the conference, only 72 days remained until the close of discovery. Plaintiffs advised that they had served written discovery, received responses, and intended to file a second set of interrogatories and requests for production on a new Defendant. However, Plaintiffs had not taken any depositions and still needed to schedule the depositions of five individuals, including a

2

representative of Crawford Chevrolet, Carl Romero, Bobby Garcia, Ms. Keller, and Mr. Lopez. Plaintiffs' counsel indicated that, depending on what was learned, they might wish to engage in additional discovery or take additional depositions.

The Court expressed concern that Plaintiffs had not moved more expeditiously in their discovery. The Court's minutes state, "Court: Concerned about further discovery and deadlines for answers to written discovery. May run into timing problems if written discovery is not served soon. Extended expert disclosure date to February 15." On the other hand, Defendants had already completed their written discovery and taken Plaintiffs' depositions. All that remained was the taking of Plaintiffs' experts' depositions. There was no indication at the February conference that Plaintiffs were holding off taking necessary discovery because punitive damages issues had not yet been "cemented." [Doc. 67, ¶ 8].

## Case Management Plan

The Court's case management plan is imposed pursuant to its responsibilities under the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.* ("CJRA"), which was enacted to expedite the ultimate disposition of litigation and to lessen the financial burdens caused by delay. The CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--the just, speedy, and inexpensive resolution of civil disputes in our Nation's Federal courts.

S. Rep. No. 101-416, at 1 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802.

A key component of the CJRA, as well as the district's Civil Justice Expense and Delay Reduction Plan ("Plan"), is judicial management of cases. Courts now have a congressionally mandated obligation to ensure that cases move efficiently, expeditiously and economically through

3

the litigation process.  Studies of the federal court process itself confirm that case management and adherence to case management deadlines are keys to achieving the CJRA's goals.  Indeed, a study by the Federal Judicial Center reveals that greater and earlier judicial control  over civil cases yields faster rates of disposition.  The courts with the least delay characteristically kept stricter control of cases by precise scheduling of the discovery cut-off date and other deadlines.  The study concluded that, "[a] court can handle its caseload rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion."  Federal Judicial Center, Case Management and Court Management in the United States Courts, at 17 (1977).

The Court recognizes that the "Civil Justice Reform Act . . . places substantial burdens on everyone involved in litigation in district courts."  United States v. Diamond Industries, 145 F.R.D. 48, 49 (D. Del. 1992).  In the Diamond Industries case, the court commented on its obligations to enforce deadlines.

> The CJRA requires district courts to manage litigation with a view toward reducing delay and cost in bringing cases to trial.  In this regard, the CJRA sets time limits that are to be met by the trial court for all pre-trial proceedings and ultimately trial.  28 U.S.C. § 473(a)(2)(B).  The only permitted exception to these time limits countenanced by the CJRA is for a "complex case."  28 U.S.C. § 473 (a)(2)(B)(i) and (ii).

Id. at 49.

In the instant matter, the Court's case management plan was fashioned to allow for the case to be tried within the target disposition date contemplated by the Plan.  As such, it was more than a suggestion on how the parties should proceed.  It was a directive that discovery and pretrial proceedings be completed by specific deadlines.  This is consistent with the mandate noted in the Federal Judicial Center's Case Management and Court Management study.  *Supra*.

4

It is unclear whether the proposed areas of discovery will metamorphosize into new areas of inquiry, new discovery issues and new motion practice. Thus, there is a distinct possibility that reopening discovery could cause the Court to miss its target disposition date.

The Court has obligations that go beyond the interests of the litigants. It has an obligation to its entire docket. *See* United States v. Nicholson, 983 F.2d 983, 988 (10th Cir. 1993)(dicsussing trial court's "great discretion" over control of its docket); *see also* Sally Beauty Co., Inc. v. Beautyco, Inc., 372 F.3d 1186, 1191 (10th Cir. 2004)("It is well established that a district court has broad inherent power to manage its proceedings."); *and* Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004)("[A] trial court has an obligation to control its own docket . . . .") Like a row of standing dominos, movement in one date often leads to cascading movement in other dates and impacts other cases. While the Court is not a slave to its own docket, it must have some significant justification for modifying case management plans, and in this case, such justification is lacking.

### Motion to Extend Discovery is Untimely

General discovery closed on March 21, 2011, and expert discovery closed on April 15, 2011. Plaintiffs' present motion for additional discovery was not filed until May 19, 2011, 59 days after the expiration of the Court's general discovery deadline. The Federal Rules of Civil Procedure require that a request for extension be filed prior to the expiration of the original deadline. Fed. R. Civ. P. 6(b).

> When an Act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(A) & (B).

"Good cause" in relation to motions for an extension of time under Rule 6 typically means a "substantial reason amounting in law to a legal excuse for failing to perform an act required by law." United States v. Board of Co. Commissioners of the County of Dona Ana, CIV 08-501 JB/WPL, 2010 U.S. District Lexis 21578 at *8, (D.N.M. Feb. 16, 2010) (*unpublished*) (*internal citation omitted*).

The Court may, for good cause, grant a motion to extend time where the deadline has expired if the party failed to act because of excusable neglect. Hamilton v. Water Hole Int'l Corp., 302 F. Appx. 789, 798 (10th Cir. 2008)(*citing* Fed. R. Civ. P. 6(b)(1)(B)(*unpublished*)). In determining if a party's neglect is excusable, the Court considers the following factors:

> (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reasons for the delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party.

Interlight Holdings, Inc. v. Riley et al., 2010 WL 1855852, *1 (D. Utah May 7, 2010)(*unpublished*) (*citations omitted*).

Here, Plaintiffs failed to submit any justifiable cause as to why they did not engage in discovery on disputed issues within the time set for general discovery. Their contention that discovery was not taken because the issue on punitive damages had not been "cemented" or because the Court had scheduled a settlement conference does not justify failing to do what a party is required to do within specific time lines. Nothing prevented Plaintiffs from pursuing the requested discovery at an earlier stage. The failure to diligently pursue discovery on the claims and defenses was without substantial justification.

**Conclusion**

The Court determines that Plaintiffs' motion is not well-taken.  The Court concludes that Plaintiffs' motion is untimely.  The requested discovery could have and should have been taken within the existing case management deadlines.  Discovery was not diligently pursued.

IT IS ORDERED that Plaintiffs' motion for additional discovery is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge