IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONACIANO OLIVO and
CLARENCE PACHECO,

        Plaintiffs,

  vs.                                            CIVIL NO.  10-782 BB/LFG

CRAWFORD CHEVROLET, INC.,
and CARL ROMERO,

        Defendants.

## ORDER GRANTING DEFENDANT'S
## MOTION FOR PROTECTIVE ORDER
## AND PERMITTING RESCHEDULING OF DEPOSITION

THIS MATTER is before the Court on Defendant Crawford Chevrolet, Inc.'s Motion for Protective Order Regarding Rule 30(b)(6) Deposition Notice [Doc. 114].  Because the deposition of Defendant's Fed. R. Civ. P. 36(b) deponent, Mr. Woolard, is scheduled to occur prior to completion of the briefing schedule, the Court intervened and conducted a telephonic hearing on the motion on September 15, 2011.  [*See* Doc. 115].

Defendant objects to the proposed 30(b)(6) deposition on various grounds.  First, Defendant asserts that the deposition was scheduled with less than 14 days' notice as required by the district's local rule, D.N.M.LR-Civ. 30.1.  Second, Defendant notes that the deposition was unilaterally set. That is, it was set without Plaintiffs consulting or conferring with defense counsel.  Third, the deposition notes that the proposed deponent, Mr. Woolard, resides in El Paso, Texas, and the deposition is set for Santa Fe, New Mexico, and Mr. Woolard is entitled to have the deposition at his residence.  Fourth, Defendant indicates that the proposed deposition exceeds the scope

authorized by the Court in its supplementary order authorizing discovery into Defendant's current net worth.

Plaintiffs advise that the location of the deposition was set for Santa Fe because Crawford Chevrolet, Inc. is a New Mexico corporation and it operated in Santa Fe; and, therefore, it is appropriate to take the Rule 30(b)(6) in the forum state. Plaintiffs concede that the deposition was set without conferring with opposing counsel and without the 14-day notice, but indicate that the Court's limited discovery schedule of 45 days required immediate action; and that Plaintiffs just received Defendant's statement of net worth and needed to immediately follow up with additional questions. Therefore, Plaintiffs argue that a prompt deposition of Mr. Woolard was necessary given the early October trial date.

All parties note that they are preparing for trial, and in an effort to perhaps eliminate the need for the deposition, Defendant agreed to provide Plaintiffs with an un-redacted statement concerning Defendant's net worth.[1]

## Place of Deposition

Shepherd's Discovery Proceedings in Federal Court states:

> In the absence of exceptional circumstances, when a party-deponent resides at a substantial distance from the deposing party's residence, the deposing party will be required to take a deposition at a location in the vicinity of deponent's residence. (*citing* General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130 (W.D. Mo. 1979)).

Discovery Practice Guide, § 9.03.

---

[1] The document consisted of a heavily redacted statement showing a figure of a negative net worth without any explanation of how that figure was determined.

While the proper place for taking the deposition of a corporate defendant is the corporation's principal place of business or the residence of the corporate officer to be deposed, Payton v. Sears Roebuck & Co., 148 F.R.D. 667 (N.D. Ga. 1993), Defendant advises that Crawford Chevrolet, Inc. is not a going concern. Defense counsel noted that Crawford Chevrolet, Inc. no longer exists and the proposed deponent resides in El Paso, Texas. Thus, the proper place of the deposition should be Mr. Woolard's resident city, El Paso, Texas.

The parties may agree to have the deposition taken at a different location, and, in this case, it is likely that four attorneys would have to travel to El Paso for Mr. Woolard's deposition unless the parties agree to have him brought to Santa Fe. Still, it is the right of the deponent to be deposed at his residence. Therefore, in the absence of the parties agreeing otherwise, the deposition should occur in El Paso, Texas.

### Fourteen-Day Notice Requirement

The district's local rule requires a minimum of 14 days' notice for setting a deposition. D.N.M.LR-Civ. 30.1. The time limit may be shortened by agreement, or, for good cause, may be shortened by the court. In this case, the parties did not agree to a shorter notice period, nor was the Court asked to allow for less than 14 days' notice.

While the Court allowed Plaintiffs only 45 days within which to complete their discovery related to punitive damages, it did not enter any order shortening the time for requisite notice under D.N.M.LR-Civ. 30.1. [Doc. 95]. Thus, notwithstanding the 45-day time limit, it was incumbent on Plaintiffs still to comply with the 14-day notice requirement. Indeed, had counsel conferred with one another about setting the deposition, as required, it is likely that they would have agreed to a deposition with shorter notice.

**Conclusion**

The Court concludes that Plaintiffs violated D.N.M.LR-Civ. 30.1 in that the deposition was set without proper notice; Plaintiffs failed to confer with opposing counsel prior to setting the deposition; and the notice designated an improper venue for the deposition.

Accordingly, the Court grants Defendant's Motion for Protective Order. The Court will authorize Plaintiffs to go forward with the deposition once the parties agree on a date, time and place. Accordingly, the Court will extend the discovery schedule to accommodate a deposition of Mr. Woolard.[2]

The scope of the deposition, however, is limited to the question of punitive damages and Defendant's current net worth. Proposed inquiries concerning terms and conditions of the sale of the corporation, assets conveyed or cash transferred is beyond the scope of the proposed deposition.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[2] Because the trial is in two weeks, the Court will shorten the deposition notice time to accommodate the deposition prior to trial.