# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DONACIANO OLIVO and CLARENCE PACHECO**,

        Plaintiffs,

v.                                                                                         No. CIV 10-782 BB/LFG

**CRAWFORD CHEVROLET, INC. and CARL ROMERO,**

        Defendants.

## MEMORANDUM OPINION

This matter is before the Court for consideration of Plaintiffs' objections (Doc. 64) to a Magistrate Judge discovery order (Doc. 60). After considering the submissions of the parties and the applicable law, the Court will deny the objections and affirm the discovery order.

**Background**

This case is an employment-discrimination lawsuit brought under 42 U.S.C. § 1981, and also includes claims under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 et seq.), the New Mexico Minimum Wage Act ("NMMWA") (NMSA 1978 §50-4-1 et seq.), and New Mexico common law. The specific issue before the Court is a document-production matter that involves only one of the Plaintiffs, Mr. Olivo. Plaintiff Olivo requested pay records for himself and for any comparable employees for the period from January 1, 2003 through the date of termination of his employment in 2010. Defendants, however, provided records starting in April 2007, and omitted all prior records from January 2003 to April 8, 2007. Plaintiffs moved to compel production of the omitted documents, and the Magistrate Judge denied the motion to compel.

**Standard of Review**

A discovery dispute such as this one involves a non-dispositive matter, and therefore the Magistrate Judge's decision is not reviewed on a *de novo* basis.  Instead, the Court must defer to the Magistrate Judge's discovery order unless that order is clearly erroneous or contrary to law.  *See Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006); 12 Wright, Miller & Marcus, *Federal Practice and Procedure* § 3069 (2d ed.1997).  The Court must affirm the decision of the Magistrate Judge unless, in light of all the evidence, the Court is left with the definite and firm conviction that a clear mistake has been committed.  *See Allen, supra.*  To be clearly erroneous, a decision must strike the reviewing court "with the force of a five-week-old, unrefrigerated dead fish." *In re Papio Keno Club, Inc.,* 262 F.3d 725, 729 (8th Cir. 2001) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir.1988)).  In addition, there is authority for the proposition that in conducting this review, the Court generally should not consider evidence that was not before the Magistrate Judge.  *See, e.g., Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).  In sum, the Court may not simply substitute its judgment for that of the Magistrate Judge, but must grant all due deference to the Magistrate Judge's decision.

**Discussion**

The parties and the Magistrate Judge have divided the analysis into two distinct segments, one dealing with the 42 U.S.C. § 1981 claim and the other with the NMMWA claim.  The Court will do the same.

**§ 1981 Claim:**  The first issue with respect to this claim is whether the pay records of Bobby Garcia should be produced.  Mr. Garcia, Mike Leyba, and Plaintiff Olivo were the only vehicle painters employed by Defendants during the relevant time period.  Plaintiff Olivo contends he was given fewer painting projects than other painters, due to unlawful discrimination. This is significant because the painters were paid for each project they completed, rather than for each hour they worked.  Defendants argued to the Magistrate Judge that Mr. Garcia's records are irrelevant to this

claim, because Plaintiff Olivo himself testified that the only painter given more work than he was given was Mr. Leyba. Plaintiff did not contest this assertion in the reply brief filed before the Magistrate Judge, and the Magistrate Judge relied on the assertion (as well as the evidentiary support provided for it) in his decision. Now, for the first time and only in his reply brief, Plaintiff Olivo asserts there was evidence that both Mr. Garcia and Mr. Leyba were given more painting work than he was given. [Doc. 74, p. 2 and Exh. 1] However, the Court will not consider this evidence, for two reasons. First, as noted above the Court should generally refrain from considering evidence that was not presented to the Magistrate Judge, when reviewing a decision concerning a non-dispositive matter. *See Haines*, 975 F.2d at 91. Second, in any type of case the Court will usually not consider matters raised for the first time in a reply brief, because the opponent has not had an opportunity to address such belated assertions. *See, e.g., Stump v. Gates,* 211 F.3d 527, 533 (10th Cir.2000); *Apodaca v. Discover Fin. Servs.*, 417 F.Supp.2d 1220, 1227 (D. N.M. 2006) (court elected not to consider new evidence submitted with reply brief, in ruling on summary-judgment motion).[1] This evidentiary dispute will not be a basis for overriding the Magistrate Judge's decision.

Plaintiff Olivo also contends he is entitled to the pay records dating back to 2003 to use as background information, even if those records are outside the applicable four-year limitations period.[2] The Magistrate Judge correctly noted that background information is discoverable, but applied a proportionality analysis to deny such discovery in this case. Under the specific circumstances of this case, the Court cannot find the Magistrate's decision was clearly erroneous.

---

[1] Of course exceptions to this rule exist, where the interests of justice demand it. As discussed below, however, no such strong considerations exist in this case.

[2] Defendants argued there is a four-year statute of limitations for § 1981 claims. Plaintiffs do not agree with that assertion, but have provided no argument or authority in support of a different limitations period, or no limitations period at all. Absent such argument or authority, the Court will assume, at least for purposes of this opinion, that the applicable limitations period is four years. This is not a definitive ruling on the issue, but is merely an assumption made for purposes of resolving this discovery issue.

Simply characterizing information generally as "background information" does not make that information discoverable; instead, the background information should have some useful value. Plaintiff Olivo has not explained how the older pay records would contribute to a more full understanding of the issues at stake. This is not a complicated case with a need for historical analysis of the relationship between the parties. Plaintiff Olivo claims he was given less work than other painters, and he has three years of records to prove that. He can also testify when this treatment started and as to the allegedly continuing nature of that treatment.[3] With respect to the key issue in this claim, Defendants' motivation for their treatment of Plaintiff Olivo, the pay records cannot reveal anything significant. Defendants argue the other painters were more efficient than Plaintiff Olivo; he contends he was discriminated against. Additional years of pay records will not assist the resolution of that issue.[4] In fact, Plaintiff Olivo points out that he offered to stipulate that the older pay records were substantially consistent with the ones he was provided, concerning Defendants' treatment of him and his fellow painters. This offer indicates, as the Court believes, that the requested information would not be of much additional assistance to Plaintiff Olivo in proving his § 1981 claim.

The flip side of the proportionality equation is the burden that would be placed on Defendants if the requested discovery is allowed. Defendants submitted an affidavit indicating

---

[3]The Court notes that, should Defendants wish to contest Plaintiff's testimony concerning the historical background of his employment, they will certainly not be able to use the outdated pay records to do so; it would be unfair indeed to allow Defendants to deny discovery of certain documents, and then allow them to turn around and use those documents in support of their own position.

[4]In that respect, the background information requested here is different than background information in a discrimination case such as a hostile-work-environment constructive discharge case. Pre-limitations period background information in such a case can be useful to show the pervasiveness and temporal extent of the harassment, both of which are necessary to explain why the employee was finally forced to quit rather than endure further harassment. In this case, the background information is simply more of the exact same conduct as that alleged for the time span within the limitations period.

another 40 hours of work, or more, would be needed to produce the requested documents. Plaintiff Olivo contests that, pointing out that he only needs the "pay records" (without specifying what those consist of). Again, however, Plaintiff Olivo did not make this argument to the Magistrate Judge. Instead, Plaintiff Olivo indicated to the Magistrate Judge that the reason he offered to stipulate to the general contents of the records was to avoid the "large amount of attorney and expert time required to analyze pay records." [Doc. 55, p. 2] Given the marginal utility of the records to the § 1981 case, and the amount of effort that would possibly be needed not only to produce the records but to analyze them, the Court cannot find the Magistrate Judge clearly erred in conducting his proportionality analysis.

**NMMWA Claim:** The first issue argued by the parties is one the Magistrate Judge did not address -- whether Plaintiff Olivo was exempt from coverage under the NMMWA because he was paid on a piece-work basis. NMSA § 50-4-21(C)(5). However, the Court has already determined in its summary-judgment opinion that genuine issues of material fact exist regarding this question. [Doc. 88] Therefore, like the Magistrate Judge, the Court declines to rule on the issue at this time, and will wait to hear the evidence presented by the parties.[5]

A crucial question debated by the parties is whether Plaintiff Olivo has adequately alleged a continuing course of conduct under the NMMWA. This issue is important because the current version of § 50-4-32 of the Act provides that where a continuing course of conduct is involved, there is essentially no limitations period for claims -- a civil action may encompass "all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred."

---

[5]Tied up in this issue is the question of whether a federal regulation, 29 C.F.R. §778.818, should be applied to the NMMWA as it concerns piece-work employees. The Court also declines to rule on this question at this time, as the particular facts of the case may provide more or less reason to apply the regulation, or at least its spirit, to the state statute in question.

§ 50-4-32 (2009).[6] The Magistrate Judge, however, decided Plaintiff has not adequately alleged such a continuing course of conduct, and accordingly denied discovery of the older records on that basis. In other words, the Magistrate Judge ruled that any records concerning employment that was outside the limitations period need not be produced.[7] At this time, the Court will not determine whether Plaintiff has a viable continuing-course-of-conduct claim. The Court is aware that even at late stages of a case, a plaintiff may be allowed to amend his complaint in the interests of justice. *See, e.g., Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir.2003) (court may treat inclusion of new allegations in a response to a motion for summary judgment as a potential request to amend the complaint). At this point, however, the Court has insufficient information to decide whether such amendment should be allowed, or even if it is necessary.[8] In addition, considering the possible impact of the retroactivity question, which potentially could moot the entire continuing-course-of-conduct issue, the Court will await further development of the facts and law to make a final determination.

For purposes of this opinion, therefore, the Court will simply assume Plaintiff Olivo does have a continuing-course-of-conduct claim. The next question, however, is whether it was clearly erroneous for the Magistrate Judge to deny the requested discovery of pay records dating back to

---

[6]The Court notes that while neither party argued a retroactivity issue, there may be such an issue in this case. The alleged continuing course of conduct in this case began in 2003, long before the Legislature enacted the new § 50-4-32. The Court has not researched the question of whether this provision should apply to conduct occurring before the date of enactment, but the parties should address this issue in writing either prior to or following the trial.

[7]Defendants and the Magistrate Judge assumed the applicable limitations period is three years, relying on NMSA § 37-1-5 (2009). Again, however, the Court notes this provision was first enacted in 2009, raising a possible retroactivity question. The parties will need to address this issue also, either prior to or after the trial, and should include a discussion of what limitations period might apply if this one does not..

[8]It will be necessary to determine what type of notice, if any, was provided to Defendants during the course of this litigation, concerning the nature of Plaintiff Olivo's claim. The Court will also need to inquire into the possibility of prejudice to Defendants, which is a related matter.

2003. Defendants argue that the requested records have little if any relevance to the NMMWA claim, because the records do not show how much unpaid waiting time Plaintiff Olivo was allegedly forced to endure during a specific pay period. In response, Plaintiff Olivo generally asserts that the pay records show he was assigned less work than either Mr. Garcia or Mr. Leyba, and therefore had more unpaid waiting time. For purposes of the NMMWA claim, however, the relative wait times between Plaintiff Olivo, Mr. Garcia, and Mr. Leyba are not relevant; what is relevant is only how many hours Plaintiff Olivo himself was allegedly forced to wait without being paid for that time. Plaintiff Olivo has not explained how the records would assist him in establishing that figure, or even an estimate for that figure. For example, Plaintiff Olivo did not discuss the records he was given and explain how those records assist in showing how much time he spent waiting, rather than actually working on painting jobs. Furthermore, as explained above, Plaintiff Olivo apparently believes the older records are generally consistent with his pay history for the years of records that were provided, and can so testify. Given the lack of any indication that the pay records would provide more specific and helpful information, the Court cannot find the Magistrate Judge's decision to deny Plaintiff's request for the older pay records was clearly erroneous.[9]

**Conclusion**

The Court again emphasizes the limited standard of review which constrains the Court, and the fact that the Court is not writing on a clean slate in this matter. As discussed above, the Court finds Plaintiff Olivo has not met his heavy burden of showing clear error on the part of the Magistrate Judge.

---

[9]The Court also notes this is a bench trial rather than a jury trial, which allows more flexibility for consideration of evidence as well as for addressing any possible evidentiary issues that might arise at trial. As just one example, should Plaintiff Olivo be able to demonstrate at trial that severe unfairness will result if he is not provided access to the older records, the Court retains the discretion to order production of those documents even after trial, if necessary, to ensure justice is done. At this point such unfairness has not been established.

Dated this 20th day of September, 2011.

_____

BRUCE D. BLACK
United States District Judge

8