IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONACIANO OLIVO and
CLARENCE PACHECO,

       Plaintiffs,

v.                                                    Case No. CV 10-00782 BB/LFG

CRAWFORD CHEVROLET INC. and
CARL ROMERO,

       Defendants.

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND MEMORANDUM IN SUPPORT**

Pursuant to the Court's January 31, 2012 Judgment in favor of Plaintiffs Donaciano Olivo and Clarence Pacheco (collectively "Plaintiffs"), Doc. 150, Plaintiffs hereby move as prevailing parties for an award of attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). For the reasons stated below, Plaintiffs should be awarded a total attorney's fee award of $160,677.00. (this includes NM Gross Receipts Tax for Mr. Yohalem) and recoverable costs in the amount of $5,360.00 for a total award of $166,307.00. Plaintiffs have contacted Defendants' counsel and they oppose this Motion.

As grounds for this Motion, Plaintiffs show:

1. On January 31, 2012 this Court entered Judgment for Plaintiffs under the Federal Fair Labor Standards Act ("FLSA") against Defendant Crawford Chevrolet in the amount of $39,706.00 for Plaintiff Olivo and $23,704.50 for Plaintiff Pacheco.

2. That Judgment specifically provides in relevant part:

"**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that under the FLSA plaintiffs as prevailing parties are entitled to attorneys' fees and costs against defendant Crawford Chevrolet, Inc. pursuant to 29 U.S.C. § 216(b). The Court specifically reserves any ruling on the amount of attorneys' fees and costs pending the filing of appropriate motions or stipulation."

3. The FLSA explicitly provides that "[t]he court in [an FLSA] action **shall** . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b) (emphasis supplied). Thus, the FLSA mandates that prevailing parties in FLSA cases recover attorney's fees and costs. See *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 (5th Cir. 1979); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994); *Beebe v. United States,* 640 F.2d 1283, 1295 (Fed. Cir. 1981) (award of attorney' fees to prevailing party mandatory); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *67 (D.S.D. Mar. 12, 2010). In fact, attorneys fees are such "an integral part of the merits of FLSA cases," *Shelton v. M. P. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987), that, as courts have repeatedly explained, the ability of FLSA claimants to recover a reasonable attorney's fee is crucial to the statute's enforcement scheme. See *Fegley*, 19 F.3d at 1134-35 (the "purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and to encourage "the vindication of congressionally identified policies and rights") (internal quotes and citations omitted); *United Slate, Local 307 v. G & M Roofing & Sheet Metal*

*Co.*, 732 F.2d 495, 502 (6th Cir. 1984) (FLSA attorney's fee decisions "must reflect the obvious congressional intent that the policies enunciated in FLSA Section 2 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act."); *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946) ("Obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs"); *Estrella v. P.R. Painting Corp.*, 596 F.Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-recovery provision is designed in part to secure legal representation for plaintiffs to create a financial incentive for qualified counsel to take such cases); *Mezger v. Price CPAs, LLC*, 2008 U.S. Dist. LEXIS 55311, *12-13 (M.D. Tenn. Jul. 21, 2008) (same as *Fegley*); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003) (FLSA's fee-recovery provision "exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA").

  4. Attorneys' fees under the FLSA are calculated in the same manner as those under the Civil Rights Acts, by multiplying the number of reasonable hours times a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). This is referred to as the "lodestar" method, which was described in *Griffin v. Leaseway Deliveries, Inc.*:

> Pursuant to 29 U.S.C. § 216(b), a prevailing party in a FLSA case is entitled to an award of "reasonable" attorneys' fees and costs. A plaintiff is a prevailing party if he or she obtains at least some of the benefit sought in bringing suit.

3

> Presumptively, a reasonable attorney's fee is the so-called lodestar, an amount calculated by multiplying the reasonable number of hours expended on successful claims by an hourly fee based on the prevailing fee in the market for comparable work by an attorney with similar experience and skill.

1992 WL 398381, 1 (E.D.Pa.,1992) (internal quotes and citations omitted); see also *Tidwell v. Fort Howard Corp.,* 989 F.2d 406, 412-13 (10th Cir. 1993); *Rodriguez v. Taylor*, 569 F.2d 1231, 1247 (3d Cir. 1977) ("The 'lodestar' for an objective calculation of the reasonable value of attorney's fees involves determining the number of compensable hours and multiplying those hours by a reasonable rate. The resulting product constitutes an expected market value of attorney's services."); See also: *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999); *Galdames v. N & D Inv. Corp.*, 432 Fed.Appx. 801, 806, 2011 WL 2496280, 4 (11th Cir. 2011); *Batt v. Micro Warehouse, Incorp.*, 241 F.3d 891, 893-94 (7th Cir. 2001); *Rogers v. City of Virginia Beach*, 182 F.3d 909 (4th Cir. 1999).

5. Thus, the amount of fees is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, yielding a "lodestar" figure. *Blum v. Stenson,* 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). See also *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 463-65 (1986) (non-Title VII attorney's fees lodestar case); *Cooper v. Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990). Once calculated, this lodestar is presumptively valid as the amount of fees to be awarded. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *Blum v. Stenson; Hensley v. Eckerhart.*

6. Plaintiffs' counsel in this case have attached to this Motion their affidavits itemizing their time expended and their expenses.  See Exhibits 1 and 2, attached. The records set forth in Attachment B to both affidavits are accurate and contemporaneous records of Mr. Yohalem's and Mr. Milstein's reasonable and necessary time spent litigating this case.  Both attorneys have adjusted their billings to eliminate work performed on claims Plaintiffs lost at trial.  Mr. Yohalem has reduced his billable hours for purposes of this Motion from 305.6 hours to 164.6 hours.  Mr. Milstein has reduced his billable hours for purposes of this motion from 691 hours to 491.75 hours.

7. Each attorney has taken care to exclude duplication of effort and all unnecessary team efforts.  Any amount of time that may have been excessive for a particular task has been reduced appropriately in their time records.  No time spent on any clerical activities is included.  The record in this case and the Affidavits demonstrate that all the work done by these attorneys' was efficiently and effectively performed without duplication or waste.  These Affidavits also demonstrate that each of Plaintiffs' counsel is highly experienced in complex litigation.  Finally, each attorney has deducted a substantial amount of hours for claims on which Plaintiffs did not prevail at trial.  Mr. Yohalem has deducted 46% of his total hours and Mr. Milstein has deducted 28% of his total hours for claims on which Plaintiffs did not prevail. The difference in the percentage reduction between Plaintiffs' attorneys is reasonable because Mr. Yohalem specializes in discrimination cases, and thus spent more time on the discrimination aspects of this litigation, while Mr. Milstein specializes in wage

cases, and thus spent more time on the wage aspects of this litigation.

    8. The reduced hours for which Plaintiffs seek attorneys fees are reasonable. During the course of the past 18 months, Plaintiffs' counsel have represented two individual plaintiffs in a complex FLSA lawsuit that has proceeded through discovery, mediation, a two day bench trial, and a litany of complicated briefing and analysis. The reduced hours are particularly reasonable under the circumstances of this case. To successfully prove their Fair Labor Standards Act ("FLSA") claims, Plaintiffs had to show that they had been required to wait on the premises between jobs, were not allowed to leave during this wait time, and were not paid for this wait time. Early in the case Defendants revealed that one of the ways they were defending against the FLSA claims was by trying to prove that Plaintiffs actually were allowed to leave Crawford, like everyone else, between jobs and that they therefore did not have to pay Plaintiffs for their wait time. To rebut this, Plaintiffs' attorneys decided that Plaintiffs' FLSA claims would be strengthened if they could show the Court not only that they were not allowed to leave Crawford during wait time, but also that they had been singled out to be required to remain on the premises between jobs and that Defendants had an improper motive for doing so. Thus, Plaintiffs' attorneys saw that the evidence of Defendants' disparate treatment, discrimination and retaliation against Plaintiffs was not only essential to the possible success of Olivo's 42 U.S.C. §1981 claims and both Plaintiffs' retaliation claims, but would also bolster the proof of their FLSA claims. Because Defendants claimed Plaintiffs had not been required to stay at Crawford, the facts concerning unpaid wait time FLSA claims, overlapped with the evidence of

disparate work assignments, discrimination and retaliation. See Yohalem Affidavit, ¶ 9; see also: *Tidwell v. Fort Howard Corp.,* 989 F.2d at 412-13 (10th Cir. 1993); *Tran v. Tran*, 2002 WL 31108362 (S.D.N.Y Sept 23, 2002) (where successful and unsuccessful claims involve a common core of facts, or are based on related legal theories, attorneys' fees may be awarded in full). Nonetheless, Plaintiffs' counsel have excluded all hours spent preparing the claims Plaintiffs lost at trial, totaling 190.25 hours, and an additional 150 hours to account for time entries that could not be easily distinguished between FLSA and non-FLSA case work.

      9. As evidenced by the detailed statement of hours set forth in the accompanying affidavits from Plaintiffs' counsel, the hours expended on this case are not excessive, but are reasonable for each attorney. As the Affidavits show, each attorney has billed only for bona fide legal work that was necessary to prepare for and to litigate the case. Duplication was avoided by a division of labor. Counsel for Plaintiffs utilized a team approach for preparation and presentation of their litigation, dividing up responsibility for different issues and initial drafting. Because there were two Plaintiffs and because of the attorneys' team approach, it was essential that both attorneys become thoroughly familiar with the discovery adduced and the legal issues to be presented to the Court. The Tenth Circuit has recognized that time spent by multiple attorneys on the same general task "is not ... per se duplicative. Careful preparation often requires collaboration and rehearsal.... *Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 860 (1st Cir.1998)." *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1077 (10th Cir. 1998).

10. As described above in this motion and known to the Court as the judge in this matter, the work by Plaintiffs' attorneys has been of a very high caliber and has achieved an excellent result for Plaintiffs.

11. Plaintiffs' attorneys' hourly rates of $350/hr for Daniel Yohalem and $200/hr for Brandt Milstein are reasonable in light of their level of experience, the difficulty of the case, the risk involved, and the rates that lawyers of comparable skill and experience practicing in Albuquerque/Santa Fe charge for their time representing plaintiffs in similar litigation. See Affidavits of D. Yohalem and Brandt Milstein, attached hereto as Exhibits 1-2, respectively.

12. Mr. Yohalem was recently awarded a rate of $350 per hour in a civil rights case by Judge Judith Herrera. *Mackey v. Staples, Inc., et al.*, U.S. Dist. Ct. No. 09-CV-023 JCH/WPL (D. NM), Order Granting Attorneys' Fees and Costs, Doc. No. 119 (filed 03/04/11). In her ruling on this contested motion for fees, Judge Herrera stated that Mr. Yohalem (and Richard Rosenstock, an attorney not present in this case, "are very experienced attorneys who have achieved significant success as civil rights litigators in New Mexico. Both Mr. Rosenstock and Mr. Yohalem have practiced civil rights litigation for 37 years, and are among the most respected practitioners in their field in this district." Id. at 4. She then held: "The Court finds that both of Plaintiff's attorneys should be compensated at the upper end of the fee scale for New Mexico attorneys, based on their years of experience, the quality of work in this case, and the outcome they achieved for their client." Id. at 5. Please also see the Affidavits of Paul Bardacke, Robert Rothstein and Philip Davis submitted to the District Court in

support of Mr. Yohalem's fee application in *Mackey v. Staples, Inc.,* U.S. Dist. Ct. No. 09-CV-023 JCH/WPL (D. NM), Doc. Nos. 107-4, 107-5, and 114-1. These affidavits describe the opinions of these expert litigators and the most current market rates. Based on these experts' appraisals, the rates set forth above are reasonable and well within the appropriate range for Plaintiffs' attorneys.

13. Brandt Milstein, an attorney with 6 years of litigation experience who focuses his practice on FLSA litigation, was awarded fees by the federal Court in this District at a rate of $200 per hour in 2010. *See, Palm et al. v. Board of County Commissioners of Bernalillo County*, 1:09-cv-00397-MCA-LAM Doc. 121.

14. The lodestar for each attorney is:

<u>Daniel Yohalem</u>
Time: 164.6 hours @ $350/hr.           $57,610.00
Gross Receipts Tax @ 8.1875%           $ 4,717.00
**TOTAL**                              **$62,327.00**

<u>Brandt Milstein</u>
Total Fees:   hours @ $200/hr.         $98,350.00
**MILSTEIN TOTAL**                     **$98,350.00**

**TOTAL FEES (+ NM GR TAX for Yohalem):   $160,677.00**

15. Plaintiffs, as prevailing parties, are also entitled under the FLSA to recover additional costs incurred in the prosecution of this matter. See 29 U.S.C. § 216 (a prevailing plaintiff can recover "costs of the action."). Under the FLSA, costs include reasonable out-of-pocket expenses and include costs beyond those normally allowed under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.,* 298 F.3d 955, 968 -969 (10th Cir. 2002). See also, *Colunga v. Young,* 722

F.Supp. 1479, 1488 (W.D.Mich.1989), *aff'd* 914 F.2d 255 (6th Cir.1990) (holding that, while travel and telephone costs are not recoverable under Rule 54 or 28 U.S.C. § 1920, they are recoverable under "the remedial and thus more broadly interpreted cost-shifting aspect" of FLSA).

16.  Plaintiffs here seek the reimbursement of costs in the total amount of **$5,360.00** as provided in 28 U.S.C. § 1920 and 29 U.S.C. § 216.  Here, Plaintiffs are seeking the recovery of filing fees and service of process fees; travel expenses related to the FLSA claims, deposition expenses related to the FLSA claims, and printing expenses.

17.  Plaintiffs do not seek, and have deducted as shown on the attached invoices, $8,461.99 in costs related to Plaintiffs' expert witness, travel expenses related to that expert's deposition in Las Cruces, NM, and all costs associated with Plaintiffs' interviews of their medical providers.

WHEREFORE, Plaintiffs request this Court for an order awarding Plaintiffs their reasonable attorneys' fees, gross receipts tax and costs.

                            Respectfully submitted,

                               /s/ BRANDT MILSTEIN

                            Brandt Milstein
                            MILSTEIN LAW OFFICE
                            595 Canyon Blvd.
                            Boulder, CO 80302
                            303-440-8780        Fax 303-957-5754
                            Milstein.law.office@gmail.com

>Daniel Yohalem
>1121 Paseo de Peralta
>Santa Fe, New Mexico   87501
>505-983-9433          Fax 505-989-4844
>dyohalem@aol.com
>
>Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on 21st of February, 2012, I served the foregoing Plaintiffs' Motion for Attorneys' Fees and Costs and Memorandum in Support by e-mailing a copy thereof and this Certificate of Service to Defendants' attorney of record Aaron C. Viets and Cristina A. Adams, Rodey Law Firm, Post Office Box 1888, Albuquerque, NM 87103.

I filed this Certificate of Service electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

aviets@rodey.com
cadams@rodey.com

> /s/   BRANDT MILSTEIN