IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DONACIANO OLIVO and
CLARENCE PACHECO,

      Plaintiffs,

v.                                                        No. CIV 10-782 BB/LFG

CRAWFORD CHEVROLET INC. and
CARL ROMERO,

      Defendants.

MEMORANDUM OPINION
IN SUPPORT OF ORDER ON ATTORNEYS' FEES

THIS MATTER is before the Court on Plaintiffs' Motion for Attorneys' Fees [Doc. 151]. Having reviewed all submissions of counsel and being otherwise informed, the Court finds the Motion should be Granted and attorneys' fees as modified will be awarded.

I.    PROCEDURAL BACKGROUND

In this case, Plaintiffs' Amended Complaint alleged four counts against Crawford Chevrolet: (1) violations of the New Mexico Minimum Wage Act ("NMMWA") and the Fair Labor Standards Act ("FLSA");(2) retaliation under the NMMWA and the FLSA; (3) unjust enrichment; and (4) discrimination under 42 U.S.C. § 1981. Plaintiffs' counsel represented two individuals. The lawsuit proceeded through discovery, mediation, a two-day bench trial, and a litany of briefing and

analysis. To successfully prove their FLSA claims, Plaintiffs had to show that they had been required to wait on the premises between jobs, were not allowed to leave during this wait time, and were not paid for this wait time. Early in the case Defendants revealed that one of the ways they were defending against the FLSA claims was by trying to prove that Plaintiffs actually were allowed to leave Crawford, like everyone else, between jobs and that they therefore did not have to pay Plaintiffs for their wait time.

Plaintiffs' attorneys came up with the theory that Plaintiffs' FLSA claims would be strengthened if they could show not only that they were not allowed to leave Crawford during wait time, but also that they had been singled out to remain on the premises between jobs and that Defendants had an improper motive for doing so. Thus, Plaintiffs' attorneys added disparate treatment, discrimination, and retaliation claims. At trial, Plaintiffs only prevailed on their first cause of action – violations of the FLSA. Plaintiffs are entitled to all the fees and costs they spent litigation their FLSA claim but few of the fees incurred on overlapping claims.

The Court has reviewed all the billing statements of Plaintiffs' counsel and passed these out.

II.   LEGAL STANDARD

The starting point for determining reasonable attorneys' fees in a wage action is a "lodestar" obtained by multiplying a reasonable hourly rate by the hours

reasonably expended.  *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998); *Sanders v. Elephant Butte Irrigation Dist.*, 112 F.3d 468 (10th Cir. 1997).

The first step in setting a rate of compensation is to determine the prevailing market rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243 (10th Cir. 1998).  The prevailing rate is generally established by affidavits or testimony of local attorneys.  *Ellis, supra; Case, supra*.

Plaintiffs have each attached affidavits outlining their practice experience and attorney fee awards in prior cases.  In addition, the Court is familiar with Mr. Yohalem's work and his reputation in the New Mexico legal community and observed counsel in this trial.  Based on the above, the Court finds a rate of $350 per hour appropriate for Daniel Yohalem and $200 per hour for Brandt Milstein.  Defendants have filed no opposition to such rates.

Defendants do, however, argue that "[w]hen a plaintiff has had limited success, the court may reduce the fees requested either by identifying specific hours to be cut or by simply reducing the award to account for the limited success.  *See Durant v. Indep. Sch. Dist. No. 16*, 990 F.2d 560, 566 (10th Cir. 1993)."  (Defs. Br. at 2). Defendants argue that since Plaintiffs only prevailed on one of the four counts alleged their fees should be awarded only 25% of the attorneys' fees claimed, (*ibid.* at 2-3), *i.e.*, $22,642.50 for Attorney Yohalem and $21,844.43 for Attorney Milstein.

3

**Plaintiffs counter that "[b]oth attorneys have adjusted their billings to eliminate work performed on claims Plaintiffs lost at trial." (Pltfs. Mot. at 5). They note Mr. Yohalem deducted 46% of his total hours and Mr. Milstein deducted 28%. (*Id.*). They go on to distinguish *Garcia v. City of Albuquerque*, No. 92-CV-609-BB (D.N.M. Dec. 22, 1997), relied on by Defendants. More significantly, they cite Tenth Circuit authority. *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 412-13 (10th Cir. 1993). In that case, the Circuit upheld a 100% award even though plaintiff only partially succeeded since the claims were integrally intertwined.**

**The Court's duty therefore is to review the billings submitted and evaluate myriad factors in the light of congressional policy underlying the substantive goals of FLSA. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003). This Court has engaged in a line by line review of the bills of Plaintiffs' counsel and parsed out those that sustained their FLSA claims. *Sanders v. Elephant Butte Irrigation Dist.*, 112 F.3d 468, 472 (10th Cir. 1997). I have considered the "billing judgment" of Plaintiffs' counsel as well as the novelty of the FLSA issues, the reputation and performance of counsel, and the contingency nature of the fee. *Anchondo v. Anderson, Crenshaw & Assoc.*, 616 F.3d 1098, 1103 (10th Cir. 2010).**

**III.   CONCLUSION**

**The Court has carefully reviewed the billing statements of Plaintiffs' counsel and disallowed those as marked on the attached time sheets. The remaining billing was**

4

directly related to or intertwined with Plaintiffs' successful claim. *Tran v. Tran*, 166 F. Supp. 2d 793, 802 (S.D.N.Y. 2001); *Lomas v. Kolb-Lena Cheese Co.*, 720 F. Supp. 110, 114 (N.D. Ill. 1989).

A final order will be entered accordingly.

_____
**BRUCE D. BLACK**
**Chief Judge**